**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Irene Michelle Schwartz-Tallard, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:12-cv-01383-GMN-VCF |
| vs. ) | |
| ) | **ORDER** |
| Americas Servicing Company, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the Motion to Dismiss (ECF No. 14) and Motion to Expunge Lis Pendens (ECF No. 15) filed by Defendant Wells Fargo Bank, N.A., for America's Servicing Company.  Plaintiff Irene Michelle Schwartz-Tallard, who has been represented by counsel throughout the duration of this action, has not filed any opposition.

## I.     BACKGROUND

In March 2012, Plaintiff originally filed her Complaint in state court, naming "Americas Servicing Company" as Defendant. (Ex. A to Notice of Removal, ECF No. 1-1.)  Wells Fargo Bank, N.A., received service in July 2012, and timely removed the action as Defendant, with the explanation that "America's Servicing Company is a trade name for Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A." (Notice of Removal, 1:28 n.1, ECF No. 1.)

Beginning in August 2012, Defendant filed successive stipulations on behalf of itself and Plaintiff to extend the time in which Defendant must answer, which the Court granted, extending the deadline to November 7, 2012. (ECF Nos. 5, 10, 13.)  Defendant did not file an answer within this time, and Plaintiff did not seek entry of default for Defendant's failure to file a timely responsive pleading.  On May 24, 2013, Defendant filed the instant motions, and Plaintiff has filed no opposition. (ECF Nos. 14, 15.)  The deadline to oppose has expired.

## II. DISCUSSION

Local Rule 7-2 (d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d).  As the Ninth Circuit has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see, e.g.*, *Roberts v. United States of America*, No. 2:01-cv-1230-RLH-LRL, 2002 WL 1770930 (D. Nev. June 13, 2002).  However, before dismissing a case for failing to follow local rules or for failure to prosecute, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Under this test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Also, the Court's need to manage its docket is manifest. *See State Farm Mut. Auto. Ins. Co. v. Ireland*, No. 2:07-cv-01541-RCJ-RJJ, 2009 WL 4280282 (D. Nev. Nov. 30, 2009).  Further, Plaintiff's failure to timely respond to Defendant's motions has unreasonably delayed the resolution of this case, and such unreasonable delay "creates a presumption of injury to the defense." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

The fifth factor also does not weigh in favor of Plaintiff because it is not clear that this case was likely to be decided on the merits.  Plaintiff brought the lawsuit in March 2012, failed to properly serve Defendant for months, and has failed to take any dispositive action after the Complaint was filed in this Court over a year ago.  Plaintiff's failure to seek entry of default upon the untimely filing of Defendant's answering pleading, and failure to oppose the motions also weigh against a finding that this case was likely to be decided on the merits.  Accordingly,

the Court concludes that consideration of the factors discussed above weighs in favor of dismissal. Less drastic sanctions available to the Court include dismissal of Plaintiff's Complaint without prejudice. However, Plaintiff has not provided any indication that she intends to seek a full determination on the merits, and upon a review of the Complaint and Defendant's motions, the Court finds that Plaintiff can show no likelihood of success on the merits. Furthermore, Plaintiff is represented by counsel, and cannot therefore show any lack of notice or excusable ignorance of the law. Therefore, for the reasons discussed above, the Court finds that dismissal without prejudice is not merited.

### III.  CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 14) is **GRANTED**. Plaintiff's Complaint is dismissed. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that the Motion to Expunge Lis Pendens (ECF No. 15) is **GRANTED**.

**DATED** this 5th day of December, 2013.

_____
Gloria M. Navarro
United States District Judge