**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Irene Michelle Schwartz-Tallard,  )
                                 )
                      Plaintiff, )   Case No.: 2:12-cv-01383-GMN-VCF
    vs.                          )
                                 )   **ORDER**
Americas Servicing Company,      )
                                 )
                      Defendant. )
                                 )

Pending before the Court is the Motion to Reconsider (ECF No. 19) filed by Plaintiff Irene Michelle Schwartz-Tallard, who has been represented by counsel throughout the duration of this action. Defendant Wells Fargo Bank, N.A., for America's Servicing Company, has filed an opposition (ECF No. 20), and Plaintiff filed a Reply (ECF No. 21).

## I.  BACKGROUND

In March 2012, Plaintiff originally filed her Complaint in state court, naming "Americas Servicing Company" as Defendant. (Ex. A to Notice of Removal, ECF No. 1-1.)  Wells Fargo Bank, N.A., received service in July 2012, and timely removed the action as Defendant, with the explanation that "America's Servicing Company is a trade name for Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A." (Notice of Removal, 1:28 n.1, ECF No. 1.)

Beginning in August 2012, Defendant filed successive stipulations on behalf of itself and Plaintiff to extend the time in which Defendant must answer, which the Court granted, extending the deadline to November 7, 2012. (ECF Nos. 5, 10, 13.)  Defendant did not file an answer within this time, and Plaintiff did not seek entry of default for Defendant's failure to file a timely responsive pleading.  On May 24, 2013, Defendant filed a Motion to Dismiss (ECF No. 14), and Plaintiff filed no opposition.  Over six months later, Plaintiff had not taken any

action whatsoever in the case.  Therefore, on December 5, 2013, the Court granted the motion to dismiss the case (ECF No. 17), and the Clerk entered Judgment accordingly (ECF No. 18).

A week later, Plaintiff filed the instant motion, requesting that the Court reopen the case and permit her to amend her Complaint to add new allegations. (ECF No. 19.)

## II.  DISCUSSION

Rule 60 of the Federal Rules of Civil Procedure provides a standard by which the Court might reconsider its Order.  This rule, governing relief from a judgment or order, provides in part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.**  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  The Ninth Circuit has distilled the grounds for reconsideration into three primary categories: (1) newly discovered evidence; (2) the need to correct clear error or prevent manifest injustice; and (3) an intervening change in controlling law. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

1   For the reasons discussed by the Court in its previous Order (ECF No. 17) and by
2  Defendant in its Response (ECF No. 20), the Court finds no grounds for reconsideration of its
3  Order dismissing the action.

4   The additional allegations that Plaintiff describes provide no grounds to reopen this
5  closed case, and do not show a basis for the Court to find that Plaintiff may succeed on the
6  merits.  Furthermore, Plaintiff's litigation history in this case demonstrates a likelihood of
7  dilatory motive, and contradicts any argument that reconsideration is necessary to "prevent
8  manifest injustice."

9   As discussed by the Court previously, Plaintiff brought the lawsuit in March 2012, failed
10 to properly serve Defendant for months, and failed to take any dispositive action after the
11 Complaint was filed for over a year.  Plaintiff failed to seek entry of default upon the untimely
12 filing of Defendant's answering pleading, and failed to oppose the motions filed by Defendant.
13 At all time, Plaintiff was represented by counsel, and throughout the litigation, Plaintiff
14 provided no indication that she intends to seek a full determination on the merits.  Furthermore,
15 Plaintiff has never presented evidence showing any likelihood of success on the merits of her
16 claims.  For these reasons, the Court found no cause to dismiss the case without prejudice, and
17 here finds no cause to reconsider its Order and Judgment.

18 **III.    CONCLUSION**

19   **IT IS HEREBY ORDERED** that the Motion to Reconsider (ECF No. 19) is **DENIED**.
20   **DATED** this 18th day of July, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court